The court incorporates by reference in this paragraph and adopts as the findings and orders
of this court the document set forth below. This document has been entered electronically in
the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: July 6 2021

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Christopher B. Montague, | ) | Case No. 20-31892 |
| Debtor. | ) ) | Chapter 7 |
| Sun Federal Credit Union, | ) ) | Adv. Pro. No. 20-03064 |
| Plaintiff, | ) ) | JUDGE MARY ANN WHIPPLE |
| v. | ) ) | |
| Christopher B. Montague, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS**

This adversary proceeding is before the court for decision on Defendant's motion to dismiss [Doc. # 11] Plaintiff's Complaint to Determine Dischargeability of Debt Due ("Complaint") [Doc. # 1]. Defendant Christopher Montague ("Defendant" or "Montague") is the debtor in an underlying Chapter 7 case in this court. Plaintiff Sun Federal Credit Union ("Plaintiff" or "SFCU") is Defendant's former employer. It alleges that Montague owes it a debt arising out of his employment at SFCU as a consumer loan officer and that the debt should excepted from his Chapter 7 discharge.

The district court has jurisdiction over the underlying Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11 and over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 and arising in a case under Title 11. This adversary proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability of debts are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

For following reasons, Defendant's motion will be granted in part and denied in part.

## PROCEDURAL BACKGROUND AND PLEADING STANDARDS

Defendant's motion is brought under Federal Rules of Civil Procedure 9(b), for failure to allege fraud with particularity, and 12(b)(6), for failure to state a claim upon which relief can be granted. Rules 9(b) and 12(b)(6) apply in this adversary proceeding under Federal Rules of Bankruptcy Procedure 7009 and 7012(b), respectively.

Prior to filing the motion, Defendant filed his Answer to the Complaint. [Doc. # 5]. The Answer asserts affirmative defenses of failure to plead circumstances constituting fraud with particularity and failure to state a claim upon which relief can be granted. [Doc. # 5, p.13/14]. A Rule 12(b) motion must be filed before any responsive pleading is filed. Fed. R. Civ. P. 12(b). So Defendant's motion under Rule 12(b)(6) is too late.

Nevertheless, failure to state a claim upon which relief can be granted may also be raised by a motion for judgment on the pleadings brought under Rule 12(c) or at trial. Fed. R. Civ. P. 12(h)(2). As explained below, the standard for deciding a motion for judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion. The court will therefore treat Defendant's motion to dismiss as one for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure. *Larson Mfg. Co. of S. Dak. v. Am. Modular Housing Group, LLC*, Case No. 4:16-CV-04118-VLD, 2018 WL 627185, *4-*5 (D. S. Dak. Jan. 30, 2018).

In his motion, Montague refers to some alleged facts outside of the pleadings. They are being disregarded by the court so as not to turn the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d).

As Rule 9(b) "does not expressly authorize a motion for its enforcement," 5A Wright & Miller, *Federal Practice and Procedure: Civil* § 1300 (3d ed.2004), the procedure for raising failure to plead circumstances constituting fraud with particularity is mushier. Sometimes it is asserted in a Rule 12(b)(6) motion before a responsive pleading is filed. Sometimes it is raised in a motion for more definite statement.

Sometimes it is raised in a motion to strike. And sometimes it is raised in a motion for judgment on the pleadings. *E.g. Safety Technologies, L.C. v. LG Technologies, LTEE*, Case No. 98-2555-JWL, 2000 WL 1585631 at *4 (D. Kan. Oct. 11, 2000).

There is non-binding authority that a defendant's failure to raise a Rule 9(b) argument with or before an answer operates as a waiver of that argument. *Malloy v. Mulkey Tire, Inc.* (*In re Universal Factoring Co., Inc.*), 279 B.R. 297, 301 (Bankr. N.D. Okla. 2002) (citations omitted); *Davsko v. Golden Harvest Products, Inc.,* 965 F.Supp. 1467, 1474 (D. Kan. 1997). But Defendant did raise this issue in his answer and in his motion filed soon after. In this instance, the court declines to find that Defendant waived the right to ask the court to dismiss Plaintiff's claims on the basis that its allegations of fraud do not meet the pleading standard of Rule 9(b). That said, the court finds that the Rule 9(b) issue is ultimately of little consequence in this proceeding. On the claims that the court has decided should be dismissed from further consideration, Plaintiff has failed to meet even the basic pleading standard of Rule 8 of the Federal Rules of Civil Procedure, applicable in this adversary proceeding under Rule 7008 of the Federal Rules of Bankruptcy Procedure. The court does not even reach the Rule 9(b) issue as to those claims. As to the claims that the court has decided may proceed forward, the court finds that the facts set forth meet the Rule 9(b) standard, albeit barely.

The court evaluates a Rule 12(c) motion for judgment on the pleadings in the same manner as it evaluates a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). Thus, under Rule 12(c), "well pleaded material allegations of the opposing party's pleading are to be taken as true and all inferences are to be taken in favor the nonmoving party." 10 COLLIER ON BANKRUPTCY ¶ 7012.06 (16th ed.), citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). *See also Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (citation omitted). A Rule 12(c) motion for judgment on the pleadings asks whether the "complaint . . . contain[s] sufficient factual material, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require

3

a complaint to set out detailed factual allegations, "it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 713 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court has explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678.

## PLAINTIFF'S CLAIMS

The complaint contains fifteen numbered counts. [Doc. # 1]. Introductory facts applicable to all fifteen counts, taken as true, are set forth in paragraphs one through three. They are the following:

- Defendant was employed as a consumer loan officer by SFCU from August 13, 2018 through September 27, 2019
- He had access to all SFCU computer systems
- He had authority to approve various loans and extensions of credit
- He personally approved extensions of credit on fourteen (15) [sic] separate occasions to five individuals
- These transactions included violations of credit underwriting standards, missing documents and information, funds not distributed as required and/or various other irregularities

[Doc. #1, ¶¶ 1-3, p. 2/22].

Every count of the complaint is generally the same. Each count names a borrower, the abridged loan number, the date and the amount of the loan. There is a list of policy and procedure problems with the loan. Loan documents are attached as an exhibit to the complaint. The balance due and last payment received are generally stated.

Counts 1 and 2 of the complaint pertain to borrower Charles Rains. Counts 3, 4 and 5 pertain to borrower Derek Rains. Counts 6, 7 and 8 pertain to borrower Jacob Newvine. Counts 9, 10, 11, 12 and 13

4

pertain to borrower Demetrius Smith. Count 14 pertains to borrower Bryan Smith. Count 15 pertains to a loan to Defendant.

Each count then recites 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B) and 11 U.S.C. § 523(a)(4)[1] and summarily concludes that "by virtue of the actions of the Defendant described above" Defendant owes SFCU an unidentified debt, which the court infers as the balance of each loan due to SFCU, and that the debt should be excepted from Defendant's discharge under one or all of those statutes.

As will be explained below, except as to Counts 5 through 8 and 15, taking all of the allegations of the complaint as true and construing all inferences in favor of Plaintiff, the facts at most show that Defendant was a lousy loan officer and employee. They do not plausibly show or allow the court to infer that Defendant defrauded SFCU or stole money from SFCU in approving the specified loans to other people (with the one exception being a loan to himself) so as to make him somehow liable for them as nondischargeable debts. Being a sloppy employee who does not follow company policies and standards does not plausibly equate to fraud on or theft from your employer without more. And there is only "more" in the pleadings as to Counts 5 through 8 and 15.

**<u>Section 523(a)(2)(A)</u>**

Under 11 U.S.C. § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In order to except a debt from discharge under § 523(a)(2)(A) as a result of a false representation, a plaintiff must prove the following elements of the claim: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *In re Rembert,* 141 F.3d 277, 280-81 (6th Cir. 1998). In order to plead a plausible false representation claim, Plaintiff must thus plead facts supporting these material elements.

The court finds that Count 15 relating to SFCU's loan to Defendant pleads facts plausibly showing that Montague owes it a debt arising out of a false representation within the meaning of § 523(a)(2)(A) committed in connection with an extension of credit to him for refinancing a truck he did not own. He obtained money as a result of the misrepresentation. A misrepresentation, reliance, intent to deceive and

---

[1] Count 15 of the complaint, which involves a loan to Montague himself, does not assert § 523(a)(4) as a statutory basis for relief, only § 523(a)(2)(A) and (B).

5

proximate cause can all be plausibly inferred from the facts set forth in Count 15 of SFCU's complaint. It sets forth a plausible false misrepresentation claim under § 523(a)(2)(A). The court also finds that Count 15 of the complaint meets the Rule 9(b) particularity standard. It shows the who, what, where, when and how of a fraudulent representation made by Montague to his employer to secure an extension of credit from it for himself.

In Count 1, SFCU alleges that "the loan [to Charles Rains] was presented to and approved by management as a secured loan but processed as an unsecured loan at a secured loan interest rate." The manner in which the paragraph is written allows the court to infer that it was Montague who represented it as a secured loan but processed it as an unsecured loan, thus, plausibly a misrepresentation to SFCU management. But there are no facts averred that Defendant obtained money or services from the loan, as contemplated by the first element of *Rembert*. Nor are there any facts from which the court can plausibly infer that Charles Rains' eventual default and nonpayment of Defendant, which is a debt SFCU believes Montague now owes it, was proximately caused by Defendant's apparent misrepresentation of the loan as secured. Notwithstanding identification of a false statement made by Montague to SFCU management, Plaintiff has not otherwise plead a plausible *Rembert* false representation claim in Count 1 of its complaint.

None of the other counts of the complaint identify facts plausibly showing a knowingly false misrepresentation *made by Defendant* to SFCU management. Nor are there facts pleaded other than with respect to Count 15 plausibly showing *an intent to deceive* SFCU in connection with his policy violations.

But § 523(a)(2)(A) is not limited to excepting from discharge debts arising out of false representations. The concepts of debts arising from "false pretenses" and from schemes involving "actual fraud" are broader grounds for exception of debts from discharge.

The United States Supreme Court decided in *Husky Intern. Electronics v. Ritz*, --U.S.--, 136 S.Ct. 1582 (2016), that the term "actual fraud" as used in §523(a)(2)(A) encompasses forms of fraud that can be effected even without a false representation. Thus, actual fraud includes "'any deceit, artifice, trick, or design involving deceit and active operation of the mind, used to circumvent and cheat another.'" *Schafer v. Rapp (In re Rapp)*, 375 B.R. 421, 433 (Bankr. S.D. Ohio 2007) (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (quotation omitted)).

The court finds that Count 5 of the complaint, addressing an extension of credit to a borrower named Derek Rains, plausibly and with sufficient particularity pleads a broader scheme of actual fraud or false pretenses perpetrated by Montague against his employer within the meaning of § 523(a)(2)(A). The "something more" in Count 5 is the rapid exhaustion of the credit line for purchases from a reptile merchant and that "Defendant previously owned a reptile merchant business and made representations to

6

other employees of the Plaintiff of his intentions to start another reptile business with Derek Rains; the first payment on the account made on 6/19/2019 was returned for insufficient funds; and additional purchases were made on the credit card between the time the account was paid the then [sic] payment was reversed." [Doc. # 1, ¶ 34]. Additionally, "[t]here was never a successfully[sic] payment made on this credit card and it was charged off in March 2020…" [Doc. # 1, ¶ 35]. Construing in Plaintiff's favor inferences from these facts, which must be taken as true, one can infer that Montague got into the reptile business again with or without the borrower and that the purchases were made for the benefit of his business through the fraudulent SCFU credit card scheme.

The court also finds that Counts 6 through 8 of the complaint, addressing loans in the name of Jacob Newvine, plausibly and with sufficient particularity plead a broader scheme of actual fraud or false pretenses within the meaning of § 523(a)(2)(A) engineered by Montague to cheat and circumvent his employer to his own benefit. The court so concludes from the nature and number of the alleged policy violations, the manner of disbursement of the alleged Newvine loans and the following facts: "A loan payment made on 8/27/19 came from an account held in the name of Glass City Property Management which is an account owned and controlled by the Defendant" [Doc. # 1, ¶¶ 41, 48] and "all mail sent to Jacob Newvine's address was returned as a bad address" [Doc. # 1, ¶ 48]. These additional facts are the "something more" with respect to Counts 6 through 8 of the complaint that separate the Jacob Newvine loans as plausibly being the product of more than just the actions of a sloppy and careless loan officer. They create a plausible inference of a scheme of actual fraud in which Monatague was an active participant, namely any of the following: there is no Jacob Newvine, Defendant is Jacob Newvine, or Defendant and an actual Jacob Newvine were functioning together to extract funds unlikely to otherwise get loaned by SFCU.

None of the other counts of the complaint plead facts plausibly showing a broader scheme of false pretenses or actual fraud intended to deceive SFCU in connection with Montague's policy and procedure violations.

**Section 523(a)(2)(B)**

All 15 counts of the complaint summarily aver that the facts show a violation of § 523(a)(2)(B). They do not.

Section 523(a)(2)(B) is distinct from § 523(a)(2)(A) in that it requires proof of intentionally deceitful use "of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(B). The term "insider" is specifically defined with respect to an individual debtor to include 4 categories: (i) relatives within the third degree of

consanguinity; (ii) partnership in which debtor is a general partner; (iii) a general partner of the debtor; or (v) a corporation of which the debtor is an officer, director or person in control. 11 U.S.C. § 101(9), (31)(A), (45). Plaintiff does not explain how the averments of the complaint state plausible claims for violation of § 523(a)(2)(B).

None of the counts of the complaint plead facts plausibly showing that any borrower made a materially false written statement about his financial condition. Loan applications are attached as exhibits to the complaint and considered part of it. But none of the counts of the complaint plead any facts alleging that false information appears on any of them. Through incorporation of all preceding paragraphs of the complaint in each successive count, it avers that Montague did not obtain verification of the income of any of the named customers. But that averment does not come close to allowing the court to plausibly infer that the borrower's written statement of income on a loan application was false. There is no allegation in Count 15 of the complaint respecting the loan to Defendant that it involved any use of a materially false statement in writing about his own financial condition.

Nor do any of the counts of the complaint plead any facts showing that any borrower could plausibly be construed as an insider of Montague's as that term is specifically defined by the Bankruptcy Code.

The court concludes that none of the counts of Plaintiff's complaint plead a plausible claim under § 523(a)(2)(B).

**Section 523(a)(2)(4)**

Section 523(a)(4) exempts a debt from discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

Defalcation involves a culpable "state of mind as one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign*, 569 U.S. 267, 269 (2013). Whether a party acted in a "fiduciary capacity" for purposes of § 523(a)(4) is determined by federal, not state law. *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005).

The Sixth Circuit construes "fiduciary capacity" as used in § 523(a)(4) more narrowly than the term is used in other circumstances. *Id.* In order to trigger the fraud or defalcation provision in the statute, a debtor must hold funds in a trust for the benefit of a third party. *Id.* (citing *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997)).

The types of trusts which trigger the fraud or defalcation provision of § 523(a)(4) are "limited to only those situations involving an express or technical trust relationship arising from placement of a

specific res in the hands of the debtor." *Baszak*, 397 F.3d at 390 (citing *In re Garver*, 116 F.3d at 180). Accordingly, "the mere failure to meet an obligation while acting in a fiduciary capacity does not rise to the level of defalcation; an express or technical trust must also be present." *Id*. To establish an express or technical trust under Ohio law, there must be (1) an intent to create the trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary. *Id*. at 391. This comports with the characterization of a fiduciary relationship as one "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Ed Schory & Sons, Inc. v. Soc. Nat'l Bank*, 75 Ohio St.3d 433, 442 (1996).

None of the counts of the complaint contain any facts from which the court can plausibly conclude that Plaintiff and Montague had an express or technical trust arrangement arising from placement of a specific res in his hands. SFCU has failed to plead facts from which the court can plausibly infer a fiduciary relationship between Plaintiff and Defendant in the narrow sense required by the Sixth Circuit in order to plead a plausible claim under § 523(a)(4). An employee, even a dishonest one, which is the most Plaintiff alleges about Montague, is not without more a fiduciary as to an employer within the meaning of § 523(a)(4). *Urological Group, Ltd. v. Petersen (In re Petersen)*, 296 B.R. 766, 786 (Bankr. C.D. Ill. 2003) (where defendant was plaintiff's office manager who made personal charges on the employer's credit card account, court held that "[i]n general, an employee/employer relationship is insufficient to constitute a fiduciary relationship under § 523(a)(4);" citations omitted); *In re Sparrow,* 306 B.R. 812, 832-33 (Bankr. E.D. Va. 2003). This principal has been applied to employees engaged in conduct well beyond company policy and procedure violations such as kickback schemes, commercial bribery schemes and management employees engaged in direct competition using confidential employer information. Plaintiff has failed to identify in any count of the complaint any specific res or other facts showing the requisite express or technical trust. The court concludes that the complaint fails to aver any plausible claim against Montague for "fraud or defalcation in a fiduciary capacity."

Section 523(a)(4) also excepts from a debtor's discharge debts arising from "embezzlement" or "larceny," for which there is no requirement of fiduciary capacity, s*ee Peavey Electronics Corp. v. Sinchak (In re Sinchak)*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990) (stating the element of fiduciary capacity in § 523(a)(4) refers only to fraud or defalcations and need not be present where embezzlement is the exception relied upon).

Embezzlement and larceny under § 523(a)(4) are defined and determined according to federal law. *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 165-66 (Bankr. N.D. Ohio 2003).

The Sixth Circuit defines embezzlement for purposes of § 523(a)(4) as the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). Proof of embezzlement requires the establishment of three elements: (1) the property was rightfully in the possession of a nonowner; (2) the nonowner appropriated the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. *Jones v. Hall (In re Hall)*, 295 B.R. 877, 882 (Bankr. W.D. Ark. 2003); *TransAmerica Comm. Fin. Corp. v. Littleton ( In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991); *see also Brady*, 101 F.3d at 1173.

Plaintiff does not explain in its opposition to the motion how the embezzlement exception to discharge applies based on the facts plead. Presumably the property at issue would be SFCU's general funds for loans to customers, which Defendant was authorized to distribute to borrowers. But the only counts that the court can infer (and even then it is a stretch) a claim of embezzlement as involving Montague's appropriation of SFCU funds for a purpose other than for which they were intended are Counts 5 and 6 through 8, for the reasons already discussed above. None of the other counts of the complaint can be stretched through inference from the facts plead into embezzlement under § 523(a)(4).

Larceny is defined as the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner. *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke),* 212 B.R. 375, 381 (Bankr. D. Kan. 1997). Larceny differs from embezzlement in that it requires the original taking of the property to be unlawful. *Id.* Plaintiff does not explain how the averments of its complaint amount to any plausible claim(s) of larceny committed by Montague. Any possession of or dominion over SFCU "property" by Montague was initially authorized by virtue of his employment by SFCU as a consumer loan officer. None of the counts of the complaint can be treated through inferences from the facts plead as a plausible claim for larceny within the meaning of § 523(a)(4).

Based on the foregoing reasons and authorities,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Debt Due [Doc. # 11] is **GRANTED IN PART** and **DENIED IN PART;** and

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is **GRANTED** with respect to Counts 1 through 4 and 9 through 14 of the complaint, upon which judgment is entered in Defendant's favor and against Plaintiff by dismissal of those counts of the complaint; and

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is **DENIED** with respect to Counts 5 through 8 and 15 of Plaintiff's complaint.

###